# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DANIEL E. WOLFUS,<br>Appellant,<br>vs.<br>KENNETH A. BRUNK; RICHARD D.<br>MORITZ; BRADLEY J. BLACKETOR;<br>TIMOTHY HADDON; MARTIN M.<br>HALE, JR.; TREY ANDERSON;<br>RICHARD SAWCHAK; FRANK YU;<br>JOHN W. SHERIDAN; ROGER A.<br>NEWELL; RODNEY D. KNUTSON;<br>AND NATHANIEL KLEIN,<br>Respondents. | No. 80613<br><br>FILED<br><br>JUN 3 0 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| DANIEL E. WOLFUS,<br>Appellant,<br>vs.<br>KENNETH A. BRUNK; RICHARD D.<br>MORITZ; BRADLEY J. BLACKETOR;<br>TIMOTHY HADDON; MARTIN M.<br>HALE, JR.; TREY ANDERSON;<br>RICHARD SAWCHAK; FRANK YU;<br>JOHN W. SHERIDAN; ROGER A.<br>NEWELL; RODNEY D. KNUTSON;<br>AND NATHANIEL KLEIN,<br>Respondents. | No. 80949 |

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from an order of dismissal for failure to state a claim and an order entering judgment and awarding attorney fees in a securities-fraud matter. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

21-18872

Appellant Daniel E. Wolfus argues that the district court erred by applying California Corporations Code Section 25017(e) to determine when his former employer, Midway Gold Corp., sold him securities. He argues that the district court should have used Section 25017(a)'s more general definition of "[s]ale."

We review an order granting dismissal de novo. *Hefetz v. Beavor*, 133 Nev. 323, 326, 397 P.3d 472, 475 (2017). Wolfus presents a statutory-construction issue, which we also review de novo. *Young v. Nev. Gaming Control Bd.*, 136 Nev., Adv. Op. 66, 473 P.3d 1034, 1036 (2020). We will interpret a statute by its plain meaning unless some exception applies. *Id.* But the parties agree that we should interpret the law at issue here by its plain meaning, so we have limited our analysis accordingly. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[I]n both civil and criminal cases, in the first instance and on appeal, [courts] follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

Section 25017(a) provides that "'[s]ale' or 'sell' includes every contract of sale of, contract to sell, or disposition of, a security or interest in a security for value" and "any exchange of securities and any change in the rights, preferences, privileges, or restrictions of or on outstanding securities." But Section 25017(e) provides an exception for certain securities:

> Every sale or offer of a warrant or *right to purchase* or subscribe to another security of the same or another issuer, as well as every sale or offer of a security which gives the holder a present or future right or privilege to convert the security into another security of the same or another issuer,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

includes an offer and sale of the other security only at the time of the offer or sale of the warrant or right or convertible security; but *neither the exercise of the right to purchase* or subscribe or to convert *nor the issuance of securities pursuant thereto is an offer or sale.*

(Emphases added.)

The district court found that Section 25017(e) applies here because Wolfus alleged that his injury arose from his exercise of his right to purchase stock via his options. Because Section 25017(e) provides that "neither the exercise of the right to purchase . . . nor the issuance of securities pursuant thereto is an offer or sale," and California Corporations Code Section 25401 applies only to a fraudulent *offer or sale*, the district court concluded that Wolfus's Section 25401 claim failed as a matter of law and dismissed it.

Wolfus argues that Section 25017(e) addresses only *two* securities: warrants and convertibles, and the district court misunderstood those securities to include stock options. He argues that a "right to purchase," although Section 25017(e) refers to it separately from a warrant and a convertible, is a warrant.[1]

Respondents answer that Section 25017(e) plainly addresses *three* types of securities: warrants, rights to purchase or subscribe, and convertibles. They argue that the "right to purchase or . . . subscribe" is an option. They note that Section 25017(e) plainly provides that the sale or

---

[1]Alternatively, he argues that receiving the options could not have constituted a sale because options are not securities and he provided no consideration in return. We are unpersuaded that options are not securities and that he did not receive his options in exchange for serving as Midway's Chairman and CEO.

offer of the stock occurs when the right is *granted*, and that neither the exercise of the right nor the issuance of the stock is an offer or sale. They cite California and federal practice guides that explain the same and confirm that a "right to purchase" is an option. So they reason that the offer or sale was when Midway *granted* Wolfus the options, and, noting that Wolfus alleged an injury only in connection with *exercising* the options, they conclude that the district court correctly granted dismissal.

Respondents are correct. First, "right to purchase" plainly refers, at least inclusively, to call options like those Wolfus received under Midway's stock-option plan. *See Option, Black's Law Dictionary* (11th ed. 2019) ("The right (but not the obligation) to buy or sell a given quantity of securities, commodities, or other assets at a fixed price within a specified time."). Tellingly, the SEC forms that Wolfus includes in the appellate record report the "Right to Buy" options he received, the type and quantities of securities he had the right to buy, the fixed prices at which he had the right to buy them, and the dates on which the options expired.

Second, under Section 25017(e)'s plain meaning, the offer and sale of stock obtained via a right to purchase (or a warrant or convertible) occurs upon the right's *issuance* rather than its *exercise* or the *stock's* issuance. Should any doubt remain, Section 25017(e) concludes by providing that "neither the exercise of the right to purchase . . . nor the issuance of securities pursuant thereto is an offer or sale."

Section 25017(e)'s plain meaning precludes Wolfus's claim under Section 25401, so the district court correctly dismissed it.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Nancy L. Allf, District Judge
     Lansford W. Levitt, Settlement Judge
     James R. Christensen
     Samuel T. Rees
     Greenberg Traurig, LLP/Las Vegas
     Holland & Hart LLP/Las Vegas
     Moye White LLP
     Holland & Hart, LLP/Denver
     Santoro Whitmire
     Eighth District Court Clerk

---

[2]Although Wolfus appeals from the attorney-fees order, he does not address it in his arguments. Because we affirm the dismissal order and Wolfus offers no reason to reverse the attorney-fees order, we also affirm the attorney-fees order.